UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

OCTAVE-1 FUND LTD.,

        Plaintiff,

  - against -

PAUL C. MORGAN,

        Defendant.

------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

13 Civ. 4607 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I.    **BACKGROUND**

        On February 11, 2008, defendant Paul C. Morgan entered into a settlement agreement with Commodityfinance.com ("CF").[1] As part of that agreement, Morgan and CF executed a promissary note (the "Note") requiring Morgan to pay CF the sum of one million dollars within five years of the effective

---

[1] *See* Settlement Agreement, Ex. 1 to 6/5/13 Affidavit of George O'Dowd, Director of Octave-1, in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint ("O'Dowd Aff.") (attached as Ex. B to the 8/2/13 Declaration of Plaintiff's Attorney John M. Magliery in Support of Plaintiff Octave-1 Fund's Motion to Remand ("Magliery Decl.")).

date.[2]  On November 1, 2012, CF and plaintiff Octave-1 Ltd. ("Octave-1" ) executed an assignment agreement, in which CF assigned all of its interest in the Note to Octave-1.[3]  The Note matured without payment on February 11, 2013.

On June 5, 2013, Octave-1 filed a motion for summary judgment in lieu of a complaint in the Supreme Court of the State of New York, New York County pursuant to New York Civil Practice Law and Rules ("CPLR") § 3213,[4] because this action is based upon an instrument for the payment of money only.

On July 3, 2013, Morgan removed this action to this Court, filing an answer and counterclaim in response to Octave-1's motion and claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Octave-1, invoking the Note's forum selection clause, seeks an Order remanding the case to New York State Supreme Court.  For the following reasons, plaintiff's motion to remand is granted.

## II.   APPLICABLE LAW

Removal jurisdiction is strictly construed in view of the significant

---

[2]   *See* Settlement Agreement, Ex. 1 to O'Dowd Aff. at 11-12.

[3]   *See* Assignment Agreement, Ex. 2 to O'Dowd Aff.

[4]   *See* Notice of Motion for Summary Judgment, Ex. A to Magliery Decl.

federalism concerns it raises,[5] and any doubts are resolved against removability.[6] Defendants, as the parties seeking removal, bear the burden of establishing that removal is appropriate.[7]

"Although courts once frowned upon enforcement of forum-selection clauses, it is now settled law that parties may bargain in advance to select the forum in which their disputes will be adjudicated."[8] Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"[9] or "invalid for such reasons as fraud or overreaching."[10]

---

[5] *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability.") (internal quotation marks omitted).

[6] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

[7] *See Andrews v. Modell*, 636 F. Supp. 2d 213, 219 (S.D.N.Y. 2008) (citing *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994)).

[8] *Design Strategy Corp. v. Nghiem*, 14 F. Supp. 2d 298, 300 (S.D.N.Y. 1998) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13, 32 (1972) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-96 (1991)).

[9] *M/S Bremen*, 407 U.S. at 10.

[10] *Karl Koch Erecting Co., Inc. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (internal quotation marks and citations omitted).

In order for a forum selection to be enforceable, it must indicate the parties' intent to make jurisdiction exclusive. "The general rule in cases containing forum selection clauses is that 'when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.'"[11] This Court has stated that an agreement "will not be interpreted as Excluding [sic] jurisdiction elsewhere unless it contains specific language of exclusion, *or* it leaves it in the control of one party with power to force on its own terms the appropriate forum."[12] The fact that the choice of forum is left to the discretion of one party does not render the clause permissive and thereby unenforceable.[13]

## III.   DISCUSSION

The Note states that: "The Borrower hereby submits in any action relating to this Note to the non-exclusive in personam jurisdiction of any state or federal court of competent jurisdiction sitting in the State of New York and agrees

---

[11]   *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs.*, 22 F.3d 51, 52 (2d Cir. 1994) (quoting *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)).

[12]   *City of New York v. Pullman Inc.*, 477 F. Supp 438, 442 n.11 (S.D.N.Y. 1979) (emphasis added).

[13]   *See AGR Fin., L.L.C. v. Ready Staffing, Inc.*, 99 F. Supp. 2d 399, 402 (S.D.N.Y. 2000).

to suit being brought in such courts, as Plaintiff/Third Party Defendants shall elect."[14]  In the context of the settlement of the original lawsuit, this provision granted the authority to select the forum to CF, the plaintiff in that lawsuit.  That authority was then transferred to Octave-1, pursuant to the November 1, 2012 assignment agreement.

Morgan argues that the use of the word "non-exclusive" renders the forum selection clause permissive and not mandatory, undercutting its enforceability.[15]  But this argument is unavailing.  While Octave-1 is not compelled to bring suit in either forum, once it chooses to do so, its decision is binding.  The Note states that "[Morgan] agrees to suit . . . in such court[s] as [Octave-1] shall elect."[16]  In other words, CF and its assignee Octave-1 had the right to force Morgan to submit to the forum of their choice.  As a result, the forum clause is mandatory and enforceable.[17]

---

[14]   Settlement Agreement, Ex. 1 to O'Dowd Aff., at 11.

[15]   *See* Defendant's Memorandum of Law in Opposition to Motion to Remand ("Opp. Mem.") at 3.

[16]   Settlement Agreement, Ex. 1 to O'Dowd Aff., at 11.

[17]   *See AGR,* 99 F. Supp. 2d at 402 (concluding that clause leaving choice of forum to the discretion of one party was nonetheless mandatory and enforceable). *Cf. Congress Fin. Corp. v. Bortnick*, No. 00 Civ. 6361, 2000 WL 1634248, at *1 (S.D.N.Y. Oct. 31, 2000) (declining to enforce forum selection

## V.  CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is granted. The Clerk of the Court is directed to close this motion (Docket No. 7) and this case.

SO-ORDERED:

10/30/13

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            October 30 , 2013

---

clause that did not specify – contrary to the language in *ADR* – that plaintiff could force defendants to submit to its choice of forum).

- Appearances -

**For Plaintiff:**

John Michael Magliery, Esq.
Meredith F. Berhman, Esq.
Kennedy Johnson Gallagher, LLC
99 Wall Street, 15th Flr.
New York, NY 10005
(212) 248-2220

**For Defendant:**

Marc Bogatin, Esq.
277 Broadway, 9th Flr.
New York, NY 10007
(212) 406-9065